UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:19-CV-25110

ANGEL ALBERTO CABRERA,

    Plaintiff,

vs.

CONSTRUCT GROUP CORP. and
JUAN C. QUESADA, JR.,

    Defendants.
_____/

## **COMPLAINT FOR FLSA OVERTIME WAGE VIOLATION(S)**

Plaintiff, Angel Alberto Cabrera, sues Defendants, Construction Group Corp. and Juan C. Quesada, Jr., as follows:

### *Parties, Jurisdiction, and Venue*

1.  **Plaintiff, Angel Alberto Cabrera**, is over 18 years old and has been a *sui juris* resident of Miami-Dade County, Florida, at all times material.

2.  Mr. Cabrera consents to participate in this lawsuit.

3.  Mr. Cabrera was an employee of Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

4.  Mr. Cabrera was a non-exempt employee of Defendants.

5.  **Defendant, Construction Group Corp.,** is a *sui juris* Florida for-profit corporation that was authorized to conduct and actually conducted its for-profit business in Miami-Dade County, Florida, at all times material, where it maintains its principal place of business.

6. **Defendant, Juan C. Quesada, Jr.,** was at all times material the Owner of Construction Group Corp., for the time period relevant to this lawsuit. He also ran Construction Group Corp.'s day-to-day operations, was responsible for all operational decisions, and was partially or totally responsible for paying Plaintiff's wages.

7. Defendants were Plaintiff's direct employers, joint employers and co-employers for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203(d).

8. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, because Defendant, Construction Group Corp., maintained its principal place of business in this District, because all information returns were issued to Plaintiff in this District, Plaintiff worked and was due to be paid in Broward County, and because most if not all of the operational decisions were made in this District.

9. Defendants, Construction Group Corp., and Juan C. Quesada, Jr., were Plaintiff's direct employers, joint employers and co-employers for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203(d). Both Defendants employed Plaintiff.

10. This Court has original jurisdiction over Plaintiff's federal question claim pursuant to 28 U.S.C. §1331 and 26 U.S.C. §201, *et seq*.

### *Background Facts*

11. Defendants regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered by the Fair Labor Standards Act.

12. In particular, Defendants own and operate a company that provides construction and engineers retaining walls, civil engineering, interior drywall services, and construction

7300 N. Kendall Drive, Suite 450, Miami, FL 33156
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

services as identified on their website at: http://constructgroupcorp.com/4673.html, as, "[A]n Equal Opportunity Employer FDOT Certified General Contractor specializing in civil construction, such as: Structure, Roadway and Flat Work."

13. Defendants have been at all times material engaged in interstate commerce in the course of their provision of construction, concrete, drywall, and related services which, traditionally, cannot be performed without using goods, materials, supplies, metals, rebar, fasteners, drywall, machinery, hand tools, power tools, supplies, and equipment that have all moved through interstate commerce.

14. Defendants also engage in interstate commerce in the course of their submission of billings and receipt of payment involving out-of-state payors.

15. Furthermore, Defendants obtain, solicit, exchange and send funds to and from outside of the State of Florida, regularly and recurrently use telephonic transmissions going outside of the State of Florida to conduct business, and transmit electronic information through computers, the internet, via email, and otherwise outside of the State of Florida in the course of their business.

16. Defendants' annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period.

17. Plaintiff worked for Defendants from about January 2012 to November 27, 2019. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are in the exclusive custody of Defendants.

18. Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce while he worked for Defendants that the Fair Labor Standards Act applies to Plaintiff's work for Defendants in the course of his regularly and recurrently driving

workers to/from jobsites, where he would install drywall and erect concrete retaining walls using fasteners, drywall, rebar, and other materials and supplies while also pumping petroleum products that traveled in interstate commerce.

19. Plaintiff's primary duties included the transportation of workers to/from the jobsites and performance of work, and not supervision, management, or administrative tasks.

20. Defendants paid Plaintiff at a rate of $32.50 per hour for up to 8 hours in a day during his employment with Defendants.

21. Plaintiff would regularly and routinely work more than 40 hours in a workweek for Defendants.

### *Liability*

22. Defendants failed and refused to pay Plaintiff overtime wages calculated at time and one-half of his regular rate of pay for all of the hours that he worked beyond 40 hours in a given workweek.

23. Defendants willfully and intentionally refused to pay Plaintiff wages at a rate of time and one-half times his regular rate of pay for each of the overtime hours he worked during the relevant time period by paying him in check for all hours worked over 40 in a workweek at his regular rate of pay.

24. Defendants either recklessly failed to investigate whether their failure to pay Plaintiff an overtime wage for the hours he worked during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Plaintiff to believe that Defendants were not required to pay an overtime rate, and/or Defendants concocted a scheme pursuant to which the deprived Plaintiff the overtime pay earned.

25. Any/all condition(s) precedent to filing this lawsuit occurred and/or was satisfied

4

by Plaintiff.

26. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

27. Plaintiff is entitled to a backpay award of overtime wages for all overtime hours he worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Angel Alberto Cabrera, demands the entry of a judgment in his favor and against Defendants, Construction Group Corp. and Juan C. Quesada, Jr., jointly and severally, after trial by jury and as follows:

a. That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b) – or interest on the unpaid wages if no liquidated damages are awarded;

b. That Plaintiff recover pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

c. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

d. That Plaintiff recover all interest allowed by law;

e. That Defendants be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

f. That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

g. Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, Angel Alberto Cabrera, demands a trial by jury of all issues so triable.

Respectfully submitted this 11th day of December 2019,

                                     s/Brian H. Pollock, Esq.
                                     Brian H. Pollock, Esq. (174742)
                                     brian@fairlawattorney.com
                                     FAIRLAW FIRM
                                     7300 North Kendall Drive
                                     Suite 450
                                     Miami, FL 33156
                                     Tel:    305.230.4884
                                     *Counsel for Plaintiff*